UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HALO ELECTRONICS, INC., | ) |
| Plaintiff, | ) |
| v. | ) 2:07-CV-00331-PMP-PAL |
| BEL FUSE INC.; PULSE ENGINEERING, INC.; and TECHNITROL, INC., | ) ORDER |
| Defendants. | ) |

Presently before the Court is Defendants Pulse Engineering, Inc. and Technitrol, Inc.'s Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim and, in the Alternative, Under Fed. R. Civ. P. 12(e) for More Definite Statement (Doc. #30), filed on May 9, 2007. Plaintiff filed an Opposition (Doc. #40) on May 29, 2007. Defendants filed a Reply (Doc. #44) on June 12, 2007.

**I. BACKGROUND**

Plaintiff Halo Electronics, Inc. is a Nevada corporation that owns by assignment six patents: (1) No. 5,656,985, "Electronic Surface Mount Package"; (2) No. 6,297,720, "Electronic Surface Mount Package"; (3) No. 6,297,721, "Electronic Surface Mount Package"; (4) No. 6,320,489, "Electronic Surface Mount Package With Extended Side Retaining Wall"; (5) No. 6,344,785, "Electronic Surface Mount Package"; and (6) No. 6,662,431, "Electronic Surface Mount Package." (Compl. at 3-4.) Plaintiff alleges Defendants "have been and are infringing, actively inducing others to infringe, and/or

contributing to the infringement of the [six] patents." (Id. at 4.) Plaintiff further alleges "Defendants have been and are infringing the [six] patents with knowledge of one or more of the patents, and thus Defendants' infringement is willful." (Id.) Plaintiff therefore requests damages and injunctive relief. (Id. at 4-5.)

Defendants Pulse Engineering, Inc. and Technitrol, Inc. move to dismiss the Complaint for failure to state a claim because the Complaint does not identify each accused product or process. Defendants also assert the Complaint is deficient because it does not identify each claim of each patent which the accused products allegedly infringe. Alternatively, Defendants request the Court to require Plaintiff to provide a more definite statement by supplying this information. Plaintiff responds that its Complaint complies with the pleading requirements of Federal Rule of Civil Procedure 8(a) by identifying the patents at issue by number and subject matter and attaching copies of the relevant patents to the Complaint.

**II. DISCUSSION**

"'To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of [Federal] Rule [of Civil Procedure] 8(a)(2).'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003)). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth a short and plain statement of the claim showing the plaintiff is entitled to relief. The complaint's allegations must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 968 (9th Cir. 2006) (Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)).

Federal Rule of Civil Procedure 84 provides that the forms contained in the Appendix of Forms "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." Form 16 sets forth a form

complaint for patent infringement.  The form complaint includes an example of allegations sufficient to allege patent infringement as follows:

> 1. Allegation of jurisdiction.
> 2. On May 16, 1934, United States Letters Patent No. ___ were duly and legally issued to plaintiff for an invention in an electric motor; and since that date plaintiff has been and still is the owner of those Letters Patent.
> 3. Defendant has for a long time past been and still is infringing those Letters Patent by making, selling, and using electric motors embodying the patented invention, and will continue to do so unless enjoined by this court.
> 4. Plaintiff has placed the required statutory notice on all electric motors manufactured and sold by him under said Letters Patent, and has given written notice to defendant of his said infringement.
> Wherefore plaintiff demands a preliminary and final injunction against continued infringement, an accounting for damages, and an assessment of interest and costs against defendant.

Fed. R. Civ. P. Form 16.

Plaintiff's Complaint fails to satisfy the notice pleading requirements.  Plaintiff adequately alleges jurisdiction, identifies the patents at issue and their subject matter, and alleges ownership by assignment.  However, the Complaint fails to allege the manner or means by which Defendants infringe the patents, instead alleging only the legally conclusory allegation that Defendants "have been and are infringing" the patents, without any factual allegations in support.  Although Plaintiff need not identify each accused product with specificity or do a claim by claim analysis in the Complaint, Plaintiff at least must allege the means by which Defendants infringe the patents at issue akin to Form 16's allegation that the defendant has infringed the patents "by making, selling, and using electric motors embodying the patented invention."  Plaintiff's Complaint contains no comparable allegation, and as a result, the Complaint does not give Defendants fair notice of the grounds upon which Plaintiff's infringement allegations rest.

The Court therefore will grant Defendants' motion to dismiss for failure to state a claim, with leave to amend.  Plaintiff must file an amended complaint within thirty (30) days of the date of this Order.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Pulse Engineering, Inc. and Technitrol, Inc.'s Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim and, in the Alternative, Under Fed. R. Civ. P. 12(e) for More Definite Statement (Doc. #30) is hereby GRANTED. Plaintiff's Complaint is hereby dismissed with leave to amend.

IT IS FURTHER ORDERED that Plaintiff must file an amended complaint within thirty (30) days of the date of this Order.

DATED: July 26, 2007.

_____
PHILIP M. PRO
United States District Judge

4