1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

7   HALO ELECTRONICS, INC.,                    )
                                               )
8                           Plaintiff,         )        Case No. 2:07-cv-00331-PMP-PAL
                                               )
9   vs.                                        )        **ORDER**
                                               )
10  BEL FUSE, INC., *et al.*,                  )        (Mot for Protective Order - Dkt. #284)
                                               )
11                          Defendants.        )
    _____)

12

13          The court conducted a hearing on Defendant Pulse Engineering, Inc.'s Motion for a Protective

14  Order Preventing the Untimely Deposition of Jim Lint Outside of the Discovery Period (Dkt. #284) on

15  April 19, 2011.  Michael Kane and Craig Countryman appeared on behalf of the Plaintiff, and

16  Kristopher Reed appeared on behalf of the Defendants.  The court has considered the Motion, Sealed

17  Declaration of Kristopher Reed in Support of the Motion (Dkt. #285), Halo's Sealed Opposition (Dkt.

18  #287), Defendant's Reply (Dkt. #288) and the arguments of counsel at the hearing.

19          This case is old by federal standards, and the court has been conducting regular status, discovery

20  and dispute resolution conferences.  After several extensions of the Discovery Plan and Scheduling

21  Order deadlines, the court established a November 24, 2010 discovery cutoff.  Prior to a November 22,

22  2010 status conference, the court required the parties to file a joint status report.  The parties filed a

23  joint status report in which Pulse asked the court to order Halo to withdraw four of the seven deposition

24  notices it had served which exceeded the ten deposition limit of the court's Discovery Plan and

25  Scheduling Order.  During the hearing, counsel for Pulse indicated that two of the contested deposition

26  notices were Pulse employees that Pulse intended to call at the time of trial, Mr. Aldaco and Mr. Lint.

27  After hearing arguments of counsel, the court ordered counsel for Halo to elect which of the three

28  deponents it wished to take, withdrawing four of the notices.  The court also expressly advised counsel

1   for Halo that, as counsel for Pulse had identified Mr. Aldaco and Mr. Lint as probable trial witnesses,

2   and Halo had the opportunity to depose the two trial witnesses, that it should take them, or risk not

3   being able to take them in the future.

4   　　　Halo withdrew four of the seven deposition notices, including the deposition notice directed to

5   Mr. Lint, and elected to proceed with the deposition of Mr. Aldaco, which was taken March 9, 2011,

6   and the deposition of a non-party representative from Flextronics, which was taken January 7, 2011.

7   Halo also noticed the noticed the deposition of non-party Jabil which was scheduled and re-scheduled

8   for various reasons and ultimately vacated.  On January 20, 2011, nearly two months after the

9   expiration of the discovery cutoff, counsel for Halo informed counsel for Pulse that he had withdrawn

10  the request to take the deposition of Jabil, and wanted to take the deposition of Mr. Lint instead.

11  Counsel for Pulse would not agree to make Mr Lint available because counsel for Halo withdrew the

12  notice of taking his deposition in favor of proceeding with non party Jabil.  The parties were unable to

13  resolve this dispute and counsel for Pulse seeks a protective order that Pulse need not produce Mr. Lint

14  more than four months after the expiration of the discovery cut-off, and that Mr. Lint's deposition need

15  not be taken.

16  　　　Halo opposes the motion asserting it had the right under the court's Discovery Plan and

17  Scheduling Order and the federal rules to take up to ten depositions.  It has only taken nine depositions,

18  and seeks leave to take Mr. Lint's deposition which was noticed before the close of fact discovery.

19  Halo argues that Pulse will not be prejudiced if the court allows Mr. Lint's deposition to be taken

20  because a trial date has not yet been set and Pulse made another deponent, Victor Aldaco, available on

21  March 9, 2011, after the close of discovery.  Counsel for Halo concedes that at the November 22, 2010

22  status conference, the court required Halo to make an election of three of the seven depositions it had

23  noticed, and to withdraw the other four.  Halo also concedes that Mr. Lint's deposition notice was

24  withdrawn.  However, counsel for Halo argues that the court did not impose a deadline for withdrawing

25  four of the notices, and that Halo worked diligently to determine which non-party contract

26  manufacturers would be available to provide a deposition witness on other topics.  When it turned out

27  taking the deposition of Jabil was more difficult than anticipated, and Halo had obtained evidence from

28  other contract manufacturers, it decided to take Mr. Lint's deposition instead of Jabil's deposition.

1    Counsel for Halo sent an e-mail to counsel for Pulse January 20, 2011, seeking to take Mr. Lint's

2    deposition instead of Jabil's deposition.  Halo received no response and followed up January 27, 2011.

3    Pulse finally responded February 8, 2011, by refusing to make Mr. Lint available.  Rather than file

4    another motion, Halo replied by reserving its right to renew its request if Pulse listed Mr. Lint as a trial

5    witness.  Under these circumstances, Halo argues its request to depose Mr. Lint is timely because the

6    Lint deposition was originally noticed before the expiration of the fact discovery, it worked diligently to

7    determine whether it would depose Jabil or Lint, and that when it became apparent the Jabil deposition

8    would be duplicative, it immediately asked Pulse to make Mr. Lint available.  Additionally, the delay in

9    taking Mr. Lint's deposition is not prejudicial to Pulse because Mr. Adaco's deposition did not go

10   forward until March 9, 2011, at Pulse's request, and there is no reason Mr. Lint could not have been

11   deposed during that same week as Halo requested.

12       Pulse replies that the court ordered Halo to make an election November 22, 2010, and that on

13   December 2, 2010, Halo elected to proceed with Victor Aldaco and third parties Jabil and Flextronics.

14   The court should therefore hold Halo accountable for its election, "reject Halo's disingenuous claim"

15   that it did not agree to withdraw Mr. Lint's deposition, and preclude this untimely discovery.

16       At the November 22, 2010 hearing, counsel for Pulse clearly advised the court and opposing

17   counsel that it intended to call two of its employees at trial, Mr. Aldaco and Mr. Lint.  Halo had noticed

18   seven depositions, four in excess of the ten deposition limit the court had established.  The court

19   therefore required Halo to make an election which three of the seven it regarded as most important.

20   Halo made the election, withdrew Mr. Lint's deposition notice, and scheduled the three depositions it

21   was allowed.  Nearly two months after the discovery cutoff, it changed its mind.  Halo now argues that

22   because it has only deposed nine of the ten witnesses it was allowed, the court should allow it to change

23   its mind because a trial date has not been set, and therefore, Pulse will not be prejudiced and Pulse will

24   only have taken the ten depositions the court allowed.

25       On the one hand, Halo has only taken nine of ten depositions allowed, and Mr. Aldaco's

26   deposition was deferred until March 9, 2011, at Pulse's request.  On the other hand, as counsel for Pulse

27   correctly pointed out during oral argument, at the November 2010 status hearing, counsel for Halo

28   strenuously objected to a modest adjustment of the deadlines for filing dispositive motions over the

3

holiday season, and to accommodate the birth of opposing counsel's child.  Morover, counsel for Halo's change of mind resulted in additional time and attorneys fees expended in scheduling and rescheduling, and ultimately vacating a deposition of Jabil in Florida.  The court therefore appreciates the arguments advanced by counsel for Pulse that because Halo initially elected Jabil over Lint, it should be stuck with its decision, and that Pulse should not incur additional costs and attorneys fees after the close of discovery to take Mr. Lint's deposition.  Because Pulse intends to call Mr Lint as a witness at trial, and because its other trial witness was taken, with counsel for Pulse's agreement, well after the discovery cut-off the court will allow Halo to depose Mr Lint.  However, because Pulse's change of mind caused Pulse unnecessary costs and attorneys fees concerning the efforts, later abandoned, to depose Jabil, the court will require Halo to incur Pulse's costs and attorneys fees for Mr. Lint's deposition.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1.  Pulse's Motion for Protective Order is **GRANTED in part** and **DENIED in part**.  The motion is **DENIED** with respect to Pulse's request that a protective order issue precluding Mr. Lint's deposition from being taken.

2.  The Motion for Protective Order is **GRANTED** to the extent that, although the court will grant Halo leave to forthwith notice the deposition of Mr. Lint on a mutually convenient date and time as soon as possible, the court will order that Halo incur Pulse's costs and attorneys fees incurred in attending the deposition.

3.  The parties shall forthwith meet and confer to obtain mutually convenient dates and times to take Mr. Lint's deposition within the next two weeks, unless for good cause shown, Mr. Lint's schedule will not accommodate a deposition within that time frame.

Dated this 20th day of April, 2011.

_____
Peggy A. Leen
United States Magistrate Judge

4