UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| HALO ELECTRONICS, INC., | ) | |
| Plaintiff, | ) | Case No. 2:07-cv-00331-PMP-PAL |
| vs. | ) | **ORDER** |
| BEL FUSE, INC., *et al.*, | ) | (Mot Strike Materials & for Sanctions-Dkt.#326) |
| Defendants. | ) | |

    Before the court is Pulse's Motion to Strike Late-Produced Materials and Renewed Motion for Sanctions (Dkt. #326). The motion is related to, and involves the same issues in a Motion for Order Requiring Pulse to Destroy Confidential XFMRS Documents (Dkt. #310). The court conducted hearings on the motions on April 24, 2012, and deferred decision on the merits as counsel indicated that Judge Whyte in the Northern District of California had scheduled a hearing to determine whether the documents involved in the motion violated his protective order. A follow-up hearing was conducted May 29, 2012, after Judge Whyte conducted his hearing. Plaintiff withdrew the motion for an order requiring Pulse to destroy the documents. However, an order was not formally entered resolving Pulse's motion for sanctions.

    Pulse seeks sanctions pursuant to Rule 37(c)(1) and an order striking transcripts and exhibits which Halo listed in the Joint Pretrial Order. These materials were not produced in discovery and were only produced four days before the pretrial order deadline. The exhibits are documents received from third-party XFMRS during discovery in a separate litigation pending in the Northern District of California. The transcript is the deposition of Anthony Imburgia, President of XFMRS taken by Halo in June 2011 in the Northern District of California case. Pulse was not a party to the litigation, had no

notice of the deposition and was not represented or present at the deposition. Pulse has deposed Mr. Imburgia in this case, however, it did not have an opportunity to examine him about the exhibits or prior deposition testimony because the exhibits and testimony were not disclosed by Halo in this case. Under these circumstances, Pulse asks that the court strike the late-produced materials and enjoin further use of the materials pursuant to Rule 37(c) because they were not produced as required by Rule 26(a) or (e).

Halo opposes the motion indicating that Pulse has known of the dispute between Halo and XFMRS concerning use of these documents since it surfaced in December 2011. That dispute was submitted to Judge Whyte. Halo took the position it had permission to use the documents XFMRS produced in the Northern District of California case in this case. XFMRS disagreed. That dispute has now been resolved by Judge Whyte. Halo identified the documents it received in the Northern District of California case as exhibits in the joint pretrial order in this case because it intends to use them for impeachment purposes only. Specifically, Halo intends to use exhibits and deposition testimony to impeach Mr. Luk's deposition testimony in this case.

Rule 37(c)(1) provides that a party who fails to make disclosures required by Rule 26(a) shall not be permitted to use as evidence any information not so disclosed. Rule 26(a) outlines the initial disclosures that are required. Rule 26(e) requires a party who has made a disclosure under Rule 26(a) to supplement disclosures and responses in a timely manner "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

It is undisputed that Halo did not disclose these exhibits and transcripts until four days before the pretrial order was due. However, Halo represents that the sole purpose for disclosing these documents to Pulse during the preparation of the joint pretrial order was for impeachment purposes of Mr. Luk. Rule 26(a)(1)(A)(i) and (ii) is explicit. A party is not required to disclose the name, address and telephone number of witnesses or to provide a description and category of documents it will use "solely for impeachment." If, as Halo represents to the court, the exhibits and transcripts are intended solely for impeachment, Halo was not required to disclose them even at the pretrial order preparation

stage. Halo should therefore be precluded from using the exhibits and information it did not disclose during the discovery period in this case for any purpose except for impeachment.

For the reasons stated,

**IT IS ORDERED** that Pulse's Motion for Sanctions (Dkt. #326) is **GRANTED** to the extent that Halo shall not be permitted to use as evidence the exhibits and deposition transcripts at issue in this motion for any purpose other than impeachment. The motion is **DENIED** in all other respects.

Dated this 10th day of August, 2012.

_____
Peggy A. Leen
United States Magistrate Judge