UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HALO ELECTRONICS, INC., | |
| Plaintiff, | 2:07-cv-00331-PMP-PAL |
| v. | **ORDER** |
| PULSE ELECTRONICS, INC. and PULSE ELECTRONICS CORPORATION, | |
| Defendants. | |

Before the Court is Plaintiff Halo Electronics's ("Halo") Motion for the Entry of Judgment Following the Jury Verdict (Doc. #500), filed December 5, 2012. Defendants Pulse Electronics, Inc. and Pulse Electronics Corporation (collectively "Pulse") filed a Response (Doc. #501) on December 6, 2012. Halo filed a Reply (Doc. #502) on December 7, 2012.

Halo argues that pursuant to Federal Rule of Civil Procedure 58, judgment consistent with the jury's verdict should be entered immediately. Halo argues Rule 58 mandates prompt entry of a judgment on the jury verdict regardless of any outstanding issues. Pulse responds that the Court still must decide Pulse's equitable defenses and make

1 the legal determinations of obviousness and willfulness.  Pulse argues these outstanding
2 issues trigger the application of Rule 54(b), and Halo has not shown just cause for entering
3 partial judgment.  Halo replies that it is routine in patent cases for the clerk to automatically
4 enter judgment on a jury verdict or for courts to enter judgments upon request by a party.
5 Halo also argues the equitable defenses and questions of law are post-trial issues that should
6 not delay the entry of judgment on the jury verdict.

7 　　　　Rule 58(b)(2) states that when a jury returns a special verdict the Court must
8 promptly approve the form of the judgment and the clerk must promptly enter the
9 judgment. This provision is subject to Rule 54(b), which gives the Court the discretion to
10 "direct entry of a final judgment as to one or more, but fewer than all, claims or parties."
11 The Court may exercise this discretion "only if the court expressly determines that there is
12 no just reason for delay" in entering judgment. Fed. R. Civ. P. 54(b).  "In determining
13 whether just reason for delay of entry of judgment exists, courts consider such factors as
14 the interrelationship of the claims so as to prevent piecemeal appeals." Duhn Oil Tool, Inc.
15 v. Cooper Cameron Corp., 818 F. Supp. 2d 1193, 1231 (E.D. Cal. 2011) (citing
16 AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 954 (9th Cir. 2006)).

17 　　　　Pulse's equitable defense claims and the questions of law which the Court must
18 decide are unresolved trial issues with the potential to affect the findings in the jury's
19 verdict.  Therefore, due to these outstanding legal issues, there is just reason delaying
20 entering the judgment, and the Court will not enter judgment at this time. See O2 Micro
21 Int'l Ltd. v. Monolithic Power Sys., Inc., 420 F. Supp. 2d 1070, 1075 (N.D. Cal. 2006),
22 aff'd by 221 F. App'x 996 (Fed. Cir. 2007) (district court entered judgment after making
23 equitable defense and question of law determinations, and not directly following jury
24 verdict); Duhn Oil Tool, Inc., 818 F. Supp. 2d at 1231 (finding a just reason for delay in
25 entering judgment on infringement because a new trial was required on the defendant's
26 affirmative defense of anticipation, which if proven would moot the infringement findings).

**IT IS THEREFORE ORDERED** that Plaintiff Halo's Request for Entry of Judgment Following the Jury Verdict Pursuant to Rule 58(d) and Proposed Judgment (Doc. #500) is hereby **DENIED**.

DATED: January 10, 2013

_____
PHILIP M. PRO
United States District Judge