UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HALO ELECTRONICS, INC., | |
| Plaintiff, | 2:07-cv-00331-PMP-PAL |
| v. | |
| PULSE ELECTRONICS, INC. and PULSE ELECTRONICS CORPORATION, | **ORDER** |
| Defendants. | |

Before the Court is Defendants Pulse Electronics, Inc. and Pulse Electronics Corporation's (collectively "Pulse") Motion to Approve Supersedeas Bond and Stay Execution of the Judgment (Doc. #530), filed on June 21, 2013. Plaintiff Halo Electronics, Inc. ("Halo") filed a Response (Doc. #543) on July 5, 2013. Pulse filed a Reply (Doc. #548) on July 12, 2013.

Also before the Court is Pulse's Emergency Motion to Stay Enforcement of the Permanent Injunction (Doc. #537), filed on June 28, 2013. Halo filed a Response (Doc. #544) on July 8, 2013. Pulse filed a Reply (Doc. #547) on July 10, 2013.

The parties are familiar with the facts in this action and the Court will not repeat them here except as necessary. On November 26, 2012, the jury returned a verdict in favor of Plaintiff Halo. (Jury Verdict (Doc. #482).) The Court entered its findings of fact and conclusions of law on the remaining legal and equitable issues on May 28, 2013. (Order

(Doc. #522).) Following entry of the Court's findings of fact and conclusions of law, the Court entered Judgment in Halo's favor. (J. (Doc. #523).) The Court also granted Halo a permanent injunction against Pulse on June 17, 2013. (Order (Doc. #528); Permanent Inj. (Doc. #529).)

Pulse filed a Notice of Appeal. (Notice of Appeal (Doc. #531).) Pulse then filed a Motion for New Trial and a Renewed Motion for Judgment as a Matter of Law, and these Motions are pending before the Court. (Defs.' Mot. for New Trial (Doc. #534); Defs.' Renewed Mot. for J. as a Matter of Law (Doc. #535).) The United States Court of Appeals for the Federal Circuit deactivated Pulse's appeal upon the filing of Pulse's post-judgment Motions. (Order (Doc. #541); Notice to the Originating Tribunal (Doc. #542).) Pulse now requests that this Court stay execution of the judgment and the permanent injunction.

## I. STAY OF EXECUTION OF THE JUDGMENT

Pulse requests that this Court approve a $1,500,000 supersedeas bond and stay the execution of the Judgment until the Court decides Pulse's pending Motions, or until Pulse completes its appeal if the Court denies Pulse's Motions. Halo generally does not object, however Halo submits the amount of the bond should be $2,000,000 and that it would be premature for the Court to approve a bond for Pulse's potential appeal. In its Reply, Pulse contends the bond amount at most should be $1,550,000, which is the amount the jury awarded Halo plus Halo's undisputed costs, and that Pulse should be granted a stay until the completion of its appeal.

"On appropriate terms for the opposing party's security," Federal Rule of Civil Procedure 62(b) allows for a stay of execution of a judgment pending disposition of a motion for judgment as a matter of law or a motion for new trial. Furthermore, Rule 62(d) provides that an appellant may obtain a stay by supersedeas bond if an appeal is taken, and that "the bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal." Whether to stay the execution of a judgment lies within the

district court's discretion.  AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 949-50 (9th Cir. 2006).

The Court, in its discretion, finds that a $1,550,000 bond will adequately secure Halo's interest in this matter, as that amount includes both Halo's award from the jury and Halo's costs that are not in dispute.  However, as Pulse's appeal to the Federal Circuit is no longer pending, the stay will remain in place only until the Court resolves Pulse's pending Motion for New Trial and Renewed Motion for Judgment as a Matter of Law, at which time Pulse may move for a stay under Rule 62(d).  Therefore, the Court approves a supersedeas bond in the amount of $1,550,000 and will grant a stay of execution of the Judgment until the Court rules on Pulse's pending dispositive Motions.  Pulse shall have until July 31, 2013 to post bond in the amount of $1,550,000.

**II.  STAY OF ENFORCEMENT OF THE PERMANENT INJUNCTION**

Pulse requests that the Court stay enforcement of the Permanent Injunction for a 90-day period beginning the date this Order is entered.  Pulse argues it has a reasonable likelihood of success on the merits of its post-trial Motions and/or on appeal.  Pulse also argues that it will face substantial economic injury, and thus its customers will suffer economically, if Pulse is not given a brief period of time in which to change the design of its infringing products to a non-infringing design.  Pulse further contends that Halo will suffer no harm if a stay is granted because Pulse will keep records of all accused products sold during the stay and will pay Halo a royalty fee for those products.  Finally, Pulse argues the public interest will be served by a stay because the disruption caused by the immediate enforcement of the injunction will detrimentally affect Pulse's customers' abilities to continue manufacturing products.

Halo responds that Pulse has not shown it is entitled to a stay of enforcement of the injunction.  Halo argues Pulse has a slim chance of success on its post-trial Motions or on appeal because the Court already has considered and rejected Pulse's arguments in those

3

Motions. Halo also argues Pulse has not shown it will suffer significant harm, but Halo has been found to be irreparably harmed by Pulse's infringement. Finally, Halo argues Pulse's claim that customers will be harmed without a stay is a non-specific and conclusory allegation that does not show the public interest would be served by a stay.

Pulse replies that it has shown the public interest will be served by a stay because immediate enforcement of the injunction will cause a shortfall in key components of electronics and disrupt major electronics suppliers' business and their customers' business. Pulse argues its customers need time to test and confirm replacement parts and that a 90-day stay will provide enough time to transition with minimal disruption.

In effect, Pulse is asking the Court to modify the permanent injunction to include a sunset provision to allow Pulse time to switch to a non-infringing design. "[D]istrict courts possess broad equitable authority to modify injunctions." Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008). The Federal Circuit has found "sunset provisions [can] mitigate the harm to the public" and that a district court does not abuse its discretion "in fashioning a remedy that protects [the patentee's] rights while allowing [the infringer] time to develop non-infringing substitutes." Broadcom Corp. v. Qualcomm Inc., 543 F.3d 683, 687, 701-02, 704 (Fed. Cir. 2008) (affirming a sunset provision in a permanent injunction that allowed infringement for up to 20 months after the verdict because it properly "balance[d] the policy of protecting the patentee's rights against the desirability of avoiding immediate market disruptions" (quotation omitted)).

Here, Pulse has demonstrated in both its Opposition to Halo's Motion for a Permanent Injunction and its present Motion to Stay Enforcement of the Permanent Injunction that immediate enforcement of the injunction would cause disruption to Pulse's customers' manufacturing of electronics that incorporate Pulse's infringing products. (Decl. of Carrie Munson in Support of Def.'s Opp'n to Pl.'s Mot. for Permanent Inj. (Doc. #515-1); Defs.' Emergency Mot. to Stay Enforcement of Permanent Inj. (Doc. #537), Ex. A; Decl. of John

A. Houston in Support of Defs.' Emergency Mot. to Stay Enforcement of Permanent Inj (Doc. #537); Supp. Decl. of John A. Houston in Support of Defs.' Emergency Mot. to Stay Enforcement of Permanent Inj. for 90 Days (Doc. #547-1).)  Although this disruption to Pulse's customers' business is not enough to overcome Halo's evidence supporting a permanent injunction, it is enough to warrant a brief stay of enforcement of the permanent injunction.  Pulse has provided a declaration from its representative that it believes, based on its customers' representations, that staying enforcement of the injunction for 90 days would "permit most customers to transition to replacement products." (Supp. Decl. of John A. Houston in Support of Defs.' Emergency Mot. to Stay Enforcement of Permanent Inj. for 90 Days (Doc. #547-1), ¶ 5); see i4i Ltd. P'ship v. Microsoft Corp., 598 F.3d 831, 863-64 (Fed. Cir. 2010) (modifying an injunction's effective date from 60 days from the date of the order granting the injunction to 5 months from the date of the order when the infringer presented a declaration from its representative that it would take about 5 months to comply with the injunction).  Therefore, the Court in its discretion will grant Pulse's Motion to Stay Enforcement of the Permanent Injunction.  Enforcement of the Permanent Injunction is stayed until October 15, 2013.

Pulse has agreed that it will pay Halo a reasonable royalty fee for all infringing products sold while the enforcement of the permanent injunction is stayed.  The jury awarded Halo a 4.5% royalty rate. (Jury Verdict (Doc. #482) at 11.)  Therefore, Pulse shall pay Halo a 4.5% royalty rate for infringing products sold during the stay.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Pulse Electronics, Inc. and Pulse Electronics Corporation's Motion to Approve Supersedeas Bond and Stay Execution of the Judgment (Doc. #530) is hereby **GRANTED** in part and **DENIED** in part.  The Motion is **GRANTED** to the extent that Defendants shall have until July 31, 2013 to post bond in amount of $1,550,000.  Furthermore, the stay on the execution of the judgment will be in

effect until the Court resolves Defendants' Motion for New Trial (Doc. #534) and Renewed Motion for Judgment as a Matter of Law (Doc. #535).  The Motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Defendants Pulse Electronics, Inc. and Pulse Electronics Corporation's Emergency Motion to Stay Enforcement of the Permanent Injunction (Doc. #537) is hereby **GRANTED**.  Enforcement of the Permanent Injunction is stayed until October 15, 2013.  Furthermore, Defendants shall pay Plaintiff a 4.5% royalty rate for infringing products sold during the stay of enforcement of the permanent injunction.

DATED:  July 16, 2013

_____
PHILIP M. PRO
United States District Judge