**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| HALO ELECTRONICS, INC., | Case No. 2:07-CV-00331-APG-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| PULSE ELECTRONICS, INC. and PULSE ELECTRONICS, CORP., | (Dkt. #574) |
| Defendants. | |

Plaintiff Halo Electronics, Inc. moves for leave to file under seal its motion for an accounting of supplemental damages and interest and to compel production of financial information. Halo seeks to seal the filing because it contains defendants' financial information.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

////

1    Halo seeks to seal the entire filing even though there is very little financial information
2 contained in the motion or in the attached exhibits.  Additionally, Halo seeks supplemental
3 damages and interest, which may require amending the judgment.  Under *Kamakana*, the parties
4 must show compelling reasons to overcome the presumption that this filing should be publicly
5 accessible.  The mere fact that one party designated information as confidential under a protective
6 order does not satisfy this standard.

7    I will allow the filing to remain sealed temporarily to allow the parties to meet and confer
8 about what, if any, portions of the motion and its exhibits should be sealed.  If any party
9 determines that any portion of the filing should remain sealed, that party must file a motion to
10 seal along with a proposed redacted version of the filing within 20 days of the date of this order.
11 Any motion to seal must set forth compelling reasons to support sealing those portions.

12    IT IS THEREFORE ORDERED that plaintiff Halo Electronics, Inc.'s motion for leave to
13 file under seal (Dkt. #574) is DENIED without prejudice.

14    IT IS FURTHER ORDERED that plaintiff Halo Electronics, Inc.'s motion for an
15 accounting of supplemental damages and interest and to compel production (Dkt. #575) shall
16 remain sealed pending further order of the court.

17    IT IS FURTHER ORDERED that the parties shall meet and confer about what, if any,
18 portions of the motion and its exhibits should be sealed.  If any party determines that any portion
19 of the filing should remain sealed, that party must file a renewed motion to seal along with a
20 proposed redacted version of the filing.  Any motion to seal must set forth compelling reasons to
21 support sealing those portions.

22    IT IS FURTHER ORDERED that if a motion to seal is not filed by any party within 20
23 days of the date of this order, plaintiff Halo Electronics, Inc.'s motion for an accounting of
24 supplemental damages and interest and to compel production (Dkt. #575) shall be unsealed.

25    DATED this 11th day of June, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE