UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HALO ELECTRONICS, INC., | Case No.: 2:07-cv-00331-APG-PAL |
| Plaintiff | **Order** |
| v. | |
| BEL FUSE INC. and PULSE ELECTRONICS, CORP., | |
| Defendants | |

I previously ordered that Halo Electronics, Inc. was entitled to prejudgment interest on its $1.5 million jury award, but I did not settle the amount. ECF No. 591.  I subsequently entered judgment and closed the case without resolving the interest amount. ECF Nos. 633, 634.  Halo did not raise the issue of the missing prejudgment interest until nearly three years later. ECF No. 635.  Halo's motion for interest also requested a new trial for additional damages. *Id.*  I denied Halo's motion as untimely under Federal Rules of Civil Procedure 59 and 60. ECF No. 650.  On appeal, the Federal Circuit ruled that, because I never resolved the issue of prejudgment interest, my earlier "judgment was not a final, appealable judgment." ECF No. 654 at 4.  Thus, the case returned to me.

Based on the Federal Circuit's suggestion (ECF No. 654 at 7), I ordered the parties to brief whether I should deny Halo's request for interest and a new trial under Federal Rule of Civil Procedure 41(b).  Having considered the relevant factors, I will award Halo a limited amount of prejudgment interest but deny its request for a new trial on additional damages.

/ / / /

/ / / /

## I.     ANALYSIS

A case may be dismissed under Rule 41(b) if the plaintiff fails to prosecute it.  The rule does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

> A Rule 41(b) dismissal "must be supported by a showing of unreasonable delay." *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986).  In addition, the district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id.*

*Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010), *overruled on other grounds by Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1117 (9th Cir. 2020).

I have already held that Halo unreasonably delayed its renewed request for prejudgment interest. ECF No. 650.  Shortly after my September 6, 2017 order and the judgment were entered, Halo's counsel, Craig Countryman, reached out to defendant Pulse Electronics' counsel to address the missing prejudgment interest and said they should contact the court about the issue "this week." ECF No. 662-1 at 2.  Pulse's counsel responded that prejudgment interest should not have been allowed. *Id.*  But Halo did nothing to address the issue until April 2020, when another of Halo's counsel reached out again to Pulse's counsel.[1] *Id.*  Halo knew about the missing interest and intended to raise it with the court for over 30 months but failed to do so.

---

[1] Unfortunately, Mr. Countryman passed away in the interim.  But Halo had been represented by other lawyers at the same law firm, including some from before trial until now.

Halo could and should have notified the court of this open issue.[2] It unreasonably delayed notifying me about the prejudgment interest issue.

### 1. The public's interest in expeditious resolution of litigation

Resolution of this case has been anything but expeditious. The case is now almost exactly 16 years old, with trips to the Federal Circuit and the Supreme Court. More to the point here, the issue of prejudgment interest has lingered for almost six years since I ruled that Halo was entitled to it and ordered the parties to try to agree on an amount. ECF No. 591. After I closed the case and neglected to award interest in September 2017 (ECF Nos. 633, 634), Halo ignored the issue for another three years, until it filed its motion on July 30, 2020 (ECF No. 635).

Resolving the prejudgment interest issue now can be done expeditiously. But Halo's request for a new trial on additional damages (ECF No. 635) would further delay this already

---

[2] Halo incorrectly refers to my 2017 order and the judgment as an "administrative closure" of the case, so Halo had no burden to correct the error. *See, e.g.*, ECF No. 662 at 5-6.

> Administrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication. *See Corion Corp. v. Chen,* 964 F.2d 55, 56–57 (1st Cir. 1992) (holding that an order deeming a case "administratively closed" was not a final, appealable order absent a separate document to signal the court's "view that the case had concluded"). The method is used in various districts throughout the nation in order to shelve pending, but dormant, cases. . . . We endorse the judicious use of administrative closings by district courts in circumstances in which a case, though not dead, is likely to remain moribund for an appreciable period of time.

*Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 391–92 (1st Cir. 1999). That is not what happened here. I entered what I thought was a final order, and a judgment was entered. *See* ECF No. 650 at 1 ("[E]ven though the word 'final' did not precede the word 'judgment,' the effect of the order and judgment were the same as a final judgment: the case was over, subject to another appeal."). I did not consider the case "dormant" or "moribund," but rather over. Halo realized that I had overlooked the issue of prejudgment interest but did not notify me of that mistake for three years. Although the Federal Circuit deemed the judgment not final because of the outstanding prejudgment interest issue, my order was not an administrative closure of this case.

3

lengthy case. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted).

### 2. The court's need to manage its docket

"[T]he district court [is] in the best position to evaluate the effects on its docket . . . ." *Medina v. Hinojosa*, 850 F. App'x 590, 591 (9th Cir. 2021). This case has consumed considerable resources of this court over the past 16 years. I can resolve the prejudgment interest issue now without significant additional effort, but conducting another trial on additional damages would add to this court's already busy docket. This factor favors denial of the new trial Halo requests.

### 3. The risk of prejudice to the defendants

After the 2017 judgment, Pulse was sold. ECF No. 663 at 1-2. Pulse alleges its new owners are "completely unrelated to Pulse" and "had nothing to with this litigation from the time it was filed" until Halo moved for prejudgment interest and a new trial. *Id.* at 2. Pulse thus contends it would be severely prejudiced if I grant Halo's motion.

The prejudice to Pulse of awarding prejudgment interest is limited to the amount awarded. No new trial is needed to calculate that amount. And any prejudice to Pulse on this issue is lessened by two factors. First, Pulse knew the prejudgment interest issue had not been resolved and Halo intended to pursue it. *See* ECF No. 662-1. Second, Pulse's new owners purchased the company while the case was on appeal. Thus, the purchasers assumed the risk that additional litigation (and related fees, costs, and potential damages) could arise. There is minimal risk to Pulse by an award of prejudgment interest.

But Pulse will suffer prejudice if I order a new trial for additional damages. "In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions

4

impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987).  Pulse points out that its new owners are "not in possession or control of any of the documents, evidence, witnesses, or institutional knowledge necessary to proceed to defend itself at trial." ECF No. 663 at 12.  And it is likely that another trial would create the need for additional discovery and expert witnesses. Even new discovery may not be sufficient as some of the acts giving rise to this lawsuit occurred over 20 years ago, and witnesses' memories no doubt have diminished.

Overall, Pulse would not be significantly prejudiced by an award of prejudgment interest, but it would be prejudiced by a new trial on additional damages.

**4.  The public policy favoring disposition of cases on their merits**

I previously ruled that Halo was entitled to prejudgment interest.  Only the amount was left unresolved.  Awarding that interest now facilitates resolution of the case on the merits.

Denying Halo a new trial on additional damages does not violate public policy because Halo is not entitled to those damages.  Halo argues that after my order and judgment were entered, the Supreme Court's decision in *WesternGeco LLC v. Ion*, 138 S.Ct. 2129 (2018), changed the law and opened the door for Halo to recover additional damages that were previously not recoverable.  *WesternGeco* came down years after the trial in this case, and nearly a year after judgment had been entered.  "New legal principles, even when applied retroactively, do not apply to cases already closed." *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 758 (1995) (citation omitted).  When judgment was entered in this case in 2017, the case was closed and effectively over.  All issues except the overlooked prejudgment interest had been resolved. Resurrection of the case to address prejudgment interest should not give Halo the ability to reopen other issues, like damages, based upon a subsequent change in the law.  As I stated

5

previously, "parties are entitled to rely on court judgments and move on with their affairs. . . . Reopening this case and conducting another trial would be unfair to Pulse and contrary to the goal of finality of judgments." ECF No. 650 at 2.[3]  Here, public policy favors bringing finality to this case and denying a new trial.

### 5. The availability of less drastic sanctions

Halo proposes a sanction less drastic than dismissal under Rule 41(b): awarding interest only up to the time of the 2017 judgment.  This is a fair resolution because that judgment should have included an award of prejudgment interest, and Halo's unreasonable delay in raising the issue after that would not be rewarded by including interest to today.  Pulse is not punished because interest is not awarded between 2017 and now.[4]  But there is no less drastic sanction than denial regarding Halo's request for a new damages trial.

## II. CONCLUSION

I will award Halo prejudgment interest at the rate set forth in Nev. Rev. Stat. § 17.130, compounded annually, through September 6, 2017.  Prejudgment interest runs from "the time of service of the summons and complaint . . . ." Nev. Rev. Stat. § 17.130(2).  Halo shall prepare an updated calculation of that amount and provide it to the defendants.  If the parties agree on the amount, they will submit a stipulation to that effect.  If they disagree, each side may file a brief

---

[3] And, Halo waited over two years after *WesternGeco* was decided before filing its motion for a new damages trial based on that case.  If it truly believed that it was entitled to ask for a new trial, it should have moved shortly after that decision came down. *See James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 542 (1991) ("Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of that contest, and that matters once tried shall be considered forever settled as between the parties. . . .  Finality must thus delimit equality in a temporal sense, and we must accept as a fact that the argument for uniformity loses force over time.") (simplified).

[4] Post-judgment interest under 28 U.S.C. § 1961 would begin to accrue after entry of the new, final judgment (once the amount of prejudgment interest is resolved). *See* below.

6

(not to exceed four pages) explaining their respective positions.[5]  The stipulation or briefs are due by March 24, 2023.

Based on the Rule 41(b) factors, I deny Halo's request for a new trial on additional damages.

I THEREFORE ORDER that Halo is entitled to prejudgment interest at the rate set forth in Nev. Rev. Stat. § 17.130, compounded annually, from the time of service of the summons and complaint through September 6, 2017.  Halo shall prepare an updated calculation of that amount and provide it to the defendants.  The parties shall file either a stipulation about the prejudgment interest amount or separate briefs (not to exceed four pages) explaining their respective positions.  The stipulation or briefs are due by March 24, 2023.

I FURTHER ORDER that Halo's request for a new trial on damages is denied.

DATED this 7th day of March, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[5] The parties need not repeat their legal arguments in their prior memoranda about the interest calculation (ECF Nos. 592, 593) as I have reviewed them again and the parties' positions are preserved.